UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

GREGORY HUNTER,

                                                                               Plaintiff,              **FIRST AMENDED**

                  -against-                                          **COMPLAINT**

THE CITY OF NEW YORK, POLICE OFFICER          CV 13 5634 (SJ) (LB)
AVINASH PATEL, shield # 31147, POLICE OFFICER
GREGORY PICO, shield # 25105, POLICE OFFICER     Jury Trial Demanded
NARINE RAMLOCHAN, tax # 941118, SERGEANT
MICHAEL FARRELL, tax # 936573, SERGEANT
BERNARD SMILEY, tax # 909660, POLICE OFFICERS
JOHN DOES 1-5,

                                                           Defendants.

------------------------------------------------------------------------ x

**PRELIMINARY STATEMENT**

        1.     Plaintiff brings this civil rights action against the City of New York and several New York City Police Officers alleging that, on July 30, 2012, defendants violated his rights under 42 U.S.C. § 1983, the First, Fourth and Sixth Amendments to the United States Constitution and New York state law by retaliating against him for exercising free speech, falsely arresting him, using unreasonable force on him, denying him a fair trial and maliciously prosecuting him.  False charges of resisting arrest, unlawful possession of marijuana and disorderly conduct were dismissed on August 15, 2013.  Plaintiff seeks compensatory and punitive damages, attorney's fees and costs and such other and further relief as the court deems just and proper.

**JURISDICTION & VENUE**

2. This action is brought pursuant to 42 U.S.C. § 1983 and the First, Fourth and Sixth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his New York state law claims of false arrest, assault, battery, malicious prosecution and vicarious liability which form part of the same case and controversy as his federal claims under Article III of the United States Constitution.

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because the City of New York is subject to personal jurisdiction in this District and because the incident in question occurred in this District.

**JURY TRIAL**

5. Pursuant to Fed. R. Civ. P. 38, plaintiff demands a jury trial.

**NOTICE OF CLAIM**

6. With respect to plaintiff's state law claims, a notice of claim was duly filed with the City within 90 days of the arrest of plaintiff and an amended notice of claim, adding a claim of malicious prosecution, was duly filed with the City within 90 days of the dismissal of all charges. More than 30 days have elapsed since such filings and the City has not offered to settle plaintiff's state law claims.

**PARTIES**

7. Plaintiff is a resident of Brooklyn.

8. The City of New York is a municipal corporation organized under the laws of the State of New York.

9. The individual defendants are members of the New York City Police Department ("NYPD"). The individual defendants were acting under color of state law and in their capacities as members of the NYPD at all relevant times. The individual defendants are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. The individual defendants are sued in their individual capacities.

## STATEMENT OF FACTS

10. On July 30, 2012, at approximately 12:45 a.m., plaintiff was outside of his home located at 125 Lenox Road in Brooklyn when he was seized without probable cause by members of the NYPD including Police Officers Avinash Patel, Gregory Pico and Narine Ramlochan and Sergeants Michael Farrell and Bernard Smiley.

11. At all relevant times, plaintiff did not commit a crime or violation or engage in suspicious activity.

12. Plaintiff attended a party held earlier in the evening of July 29, 2012 in the fenced-in front yard of plaintiff's home at the aforesaid location.

13. Plaintiff was cleaning up after the party when the defendants entered the front yard and demanded that plaintiff leave the area.

14. Plaintiff objected to leaving his own property.

15. The defendants then demanded that plaintiff produce identification.

16. When plaintiff questioned why he had to produce identification, the defendants retaliated against plaintiff by grabbing plaintiff by the arms and slamming plaintiff's body to the ground.

17. The defendants, acting in concert, then pinned plaintiff to the ground and handcuffed plaintiff excessively tight.

18. The defendants searched plaintiff and did not find anything illegal on him.

19. Members of the community standing near plaintiff and defendants questioned the officers' actions.

20. In response, the defendants sprayed mace or pepper spray at the onlookers and in plaintiff's face, mouth, eyes, and nose.

21. The defendants, acting in concert, dragged plaintiff and threw him into a police vehicle.

22. Defendants' use of force upon plaintiff was objectively unreasonable and caused plaintiff pain and injuries.

23. Defendants' seizure and use of force on plaintiff placed him in fear of imminent harmful and offensive physical contacts which injured him.

24. Plaintiff did not consent to the seizure and use of force by the defendants.

25. Defendants took plaintiff to the 67th Precinct where they falsely charged plaintiff with resisting arrest, unlawful possession of marijuana, and disorderly conduct.

26. While in the precinct, defendants, acting in concert, refused plaintiff's repeated requests for water to rinse his eyes and for medical attention.

27. Eventually, the defendants called EMS and plaintiff was escorted to Kings County Hospital Center where he was diagnosed with contusions.

28. Plaintiff was later taken to Brooklyn Central Booking.

29.     While plaintiff was held in Brooklyn Central Booking, defendants, acting in concert, misrepresented to prosecutors that plaintiff resisted arrest, possessed marijuana, and was disorderly.

30.     Plaintiff was arraigned in Criminal Court, Kings County, on July 30, 2012, at approximately 4:00 p.m., and released on his own recognizance.

31.     Defendants' commencement of a prosecution against plaintiff deprived plaintiff of liberty in that he was required to appear in court several times after his arraignment.

32.     On August 15, 2013, the false charges were dismissed.

33.     Plaintiff suffered damage as a result of defendants' actions.  Plaintiff was incarcerated for approximately 15 hours and suffered a loss of liberty, emotional distress, fear, anxiety, embarrassment, humiliation and pain and physical injuries.  Plaintiff was examined at Kings County Hospital on July 30, 2012 and diagnosed with contusions as a result of defendants' conduct.

## FIRST CLAIM

### (VIOLATION OF PLAINTIFF'S RIGHT TO FREE SPEECH)

34.     Plaintiff repeats the foregoing allegations.

32.     Plaintiff exercised free speech on July 30, 2012.

33.      Plaintiff's exercise of free speech was a motivating factor in defendants' decisions to use force upon, arrest and prosecute plaintiff.

34.     Accordingly, defendants are liable to plaintiff under the First Amendment for violating his right to free speech.

## SECOND CLAIM

## (FALSE ARREST)

41. Plaintiff repeats the foregoing allegations.

42. At all relevant times, plaintiff did not commit a crime or violation.

43. Despite plaintiff's innocence, the defendants arrested plaintiff or failed to intervene to prevent his false arrest on July 30, 2012.

44. Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for falsely arresting him on July 30, 2012.

## THIRD CLAIM

## (UNREASONABLE FORCE)

45. Plaintiff repeats the foregoing allegations.

46. Defendants' physical force upon plaintiff or failure to intervene to prevent such force was objectively unreasonable and caused plaintiff pain and injury.

47. Accordingly, defendants are liable to plaintiff under the Fourth Amendment for using unreasonable force on him on July 30, 2102.

## FOURTH CLAIM

## (DENIAL OF A FAIR TRIAL)

48. Plaintiff repeats the foregoing allegations.

49. Defendants misrepresented to the Kings County District Attorney's Office that plaintiff had committed a crime.

50. Defendants' misrepresentation deprived plaintiff of liberty.

51. Defendants are liable to plaintiff under the Sixth Amendment for denying him a fair trial.

## FIFTH CLAIM

### (FAILURE TO INTERVENE)

52. Plaintiff repeats the foregoing allegations.

53. Defendants had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights, but they failed to intervene.

54. Accordingly, the defendants are liable to plaintiff for failing to intervene to prevent the violation of plaintiff's constitutional rights on July 30, 2012.

## SIXTH CLAIM

### (MALICIOUS PROSECUTION)

55. Plaintiff repeats the foregoing allegations.

56. Defendants maliciously misrepresented to prosecutors that plaintiff had committed a crime on July 30, 2012, and initiated a prosecution against him or played a role in initiating a prosecution against him.

57. Defendants' misrepresentations deprived plaintiff of liberty because he was required to appear in court after his arraignment.

58. The criminal case filed against plaintiff was ultimately dismissed.

59. Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for malicious prosecution

## SEVENTH CLAIM

### (FALSE ARREST UNDER STATE LAW)

60. Plaintiff repeats the foregoing allegations.

61. At all relevant times, plaintiff did not commit a crime or violation.

62. Despite plaintiff's innocence, the defendants arrested plaintiff or failed to intervene to prevent his false arrest.

63. Accordingly, the defendants are liable to plaintiff under New York state law for false arrest.

### EIGHTH CLAIM
### (ASSAULT)

64. Plaintiff repeats the foregoing allegations.

65. Defendants' actions of slamming plaintiff to the ground, pinning him down on the ground and handcuffing him excessively tight placed plaintiff in fear of imminent harmful and offensive physical contacts which injured him.

66. Accordingly, the individual defendants are liable to plaintiff under New York state law for assault.

### NINTH CLAIM
### (BATTERY)

67. Plaintiff repeats the foregoing allegations.

68. Defendants' actions of slamming plaintiff to the ground, pinning him down on the ground and handcuffing him excessively tight were offensive and nonconsensual physical contacts which injured him.

69. Accordingly, the defendants are liable to plaintiff under New York state law for battery.

### TENTH CLAIM
### (MALICIOUS PROSECUTION UNDER STATE LAW)

70. Plaintiff repeats the foregoing allegations.

71. Defendants maliciously misrepresented to prosecutors that plaintiff had committed a crime on July 30, 2012 and initiated a prosecution against him or played a role in initiating a prosecution against him.

72. The criminal case filed against plaintiff was ultimately dismissed.

73. Accordingly, the defendants are liable to plaintiff under New York state law for malicious prosecution.

## ELEVENTH CLAIM

### (VICARIOUS LIABILITY CLAIM AGAINST CITY OF NEW YORK)

74. Plaintiff repeats the foregoing allegations.

75. Defendants were acting within the scope of their employment as members of the NYPD at all relevant times herein.

76. Accordingly, the City of New York is vicariously liable to plaintiff under New York state law for false arrest, assault, battery and malicious prosecution based upon the July 30, 2012 arrest of plaintiff.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a. Compensatory damages in an amount to be determined by a jury;

b. Punitive damages in an amount to be determined by a jury;

c. Attorney's fees and costs;

d. Such other and further relief as the Court may deem just and proper.

DATED: February 11, 2014

/s/

_____

IZABEL OLSZOWA GARCIA
26 Court Street, Suite 1815
Brooklyn, New York 11242
(646) 239-4330

/s/

_____

RICHARD J. CARDINALE
26 Court Street, Suite 1815
Brooklyn, New York 11242
(718) 624-9391